## RICHARD CLARK *v.* THE STATE.

1. MANDAMUS. — See this case for a sworn application and showing to the Court of Appeals for a *mandamus* to compel a county court to allow an appeal and accept a recognizance therefor — the application being overruled because the term of the County Court had elapsed without such proceedings taken therein as vested in the Court of Appeals any remedial jurisdiction in the premises.

2. SHERIFF. — The acceptance by a sheriff of a promissory note in settlement of a fine is an assumption without authority of law.

ORIGINAL APPLICATION to the Court of Appeals for a writ of *mandamus*.

The sworn petition of Clark, addressed to the court, alleged, in substance, that, at the November term, 1877, of the County Court of Fayette County, he was tried upon an information charging him, an adult male, with an aggravated assault on a female, and was found guilty of a simple assault, and a fine of $50 assessed against him; that within the time prescribed by law he filed his motion for a new trial, and, upon the hearing thereof, the county attorney told the court that petitioner had executed his note with security to the sheriff for the amount of the fine and costs, and that the court had no right to act upon the motion for a new trial, and accordingly the court refused to entertain said motion; that thereupon petitioner prayed an appeal to the Court of Appeals, and duly offered to enter into recognizance with sufficient sureties therefor, as required by law upon appeals in penal cases; that as his sureties he tendered to the court L. Lindsay, A. Haidusek, and P. C. Saunders, who were then in court and offered to justify and prove their entire sufficiency as sureties in the recognizance; that the county judge refused either to grant a new trial or the appeal, or to hear the proposed sureties justify their sufficiency, and positively refused to allow petitioner to enter into any recognizance, though he was ready and prepared to give any security which could have been exacted. A transcript of the proceedings in the County Court is filed as part of the petition, and also the affidavits of two of the proposed sureties and of the county clerk to the sufficiency of the security offered.

Complaining that he had been wantonly deprived of his constitutional right of appeal, the petitioner prayed the Court of Appeals for an alternative writ of *mandamus,* to be directed to J. C. Stiehl, the county judge, requiring him to show cause why he did not take the recognizance offered by petitioner; and that, upon his failure to show such cause, he

be compelled, by peremptory *mandamus*, to take petitioner's recognizance with sureties, at the next term of his court. Petitioner further prayed the Court of Appeals to adjudicate the merits of his cause upon the transcript filed with his petition, and that in the meantime the enforcement of the fine and costs be suspended.

The transcript filed with the petition was in the ordinary form of a transcript for an appeal. An entry of date November 8, 1877, set out that the County Court refused to hear or consider the motion for new trial because the defendant, Clark, had been released from the custody of the sheriff and was no longer within the jurisdiction or subject to the order of the court, and because he had fully satisfied the fine and costs by giving to the sheriff his note with sureties for the amount thereof; to which rulings the defendant, Clark, excepted, and also gave notice of appeal to the Court of Appeals.

*Lindsay & Haidusek*, for the appellant.

No brief for the State.

Winkler, J.   In this case we know of no law which would enable this court to give the appellant the relief sought. The action of the sheriff in taking the promissory note of the party for the amount of the fine was clearly an assumption on his part unauthorized by law. But, the term of the court having passed without notice of appeal, and preparation of the case for appeal, we are of opinion that the appellant is without remedy within the power of this court to afford. The petition for *mandamus* is, therefore, refused and the case dismissed.

*Ordered accordingly.*